UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| DANIEL SIAU | CIVIL ACTION NO. 16-1723 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ZURICH AMERICAN INSURANCE CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a motion for summary judgment filed by Defendants Zurich American Insurance Company ("Zurich"), Arnold Transportation Services ("Arnold"), and David G. Dixon ("Dixon") (collectively, "Defendants"). [Record Document 20]. Defendants argue that because Plaintiff, Daniel Siau ("Siau"), failed to disclose this suit in his bankruptcy petition, he should be judicially estopped from proceeding. [*Id.* at 1]. Although Siau's conduct would allow this Court to apply judicial estoppel, the Court declines do so and **DENIES** the motion at this time. However, because the bankruptcy trustee is the proper plaintiff, the Court will allow until **May 21, 2018** for his substitution as the real party in interest.

I.  Background

The case arises out of an vehicle collision involving Siau and Dixon, while the latter was allegedly in the course and scope of his employment with Arnold. [Record Document 1-2 at 3–4]. Zurich is Arnold's liability insurer. [*Id.* at 4]. Siau filed suit in state court, and Defendants removed the action following Siau's admission that his total damages exceeded $75,000. [Record Documents 1 at 2 and 1-2 at 3, 13–15].

1

Ten months later, Siau filed a Chapter 7 bankruptcy petition, which did not disclose this suit. [Record Document 20-4 at 15]. After the bankruptcy court discharged Siau's debts, Defendants moved for summary judgment. [Record Documents 20 and 20-7]. In response, Siau amended his bankruptcy petition to disclose this suit. [Record Document 22-4 at 5]. The bankruptcy trustee then reopened the bankruptcy case, noticing the creditors that the bankruptcy estate may have assets to distribute and moving for authorization to hire Siau's counsel to represent the trustee in the instant suit. [Record Documents 22-5 and 22-6]. The bankruptcy court has granted the motion. [Record Document 28]. Although Siau argues that these actions have corrected the initial omission, Defendants maintain that disclosure only after an omission is discovered by a litigation opponent constitutes the sort of behavior that judicial estoppel is designed to combat. [Record Documents 22 at 2–3, 7–8 and 23 at 9–10].

## II. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

2

non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

III.  **Law and Analysis**

Defendants argue that judicial estoppel should bar Siau's claim. [Record Document 20 at 1]. Judicial estoppel is a common-law doctrine designed to prevent litigants from assuming inconsistent positions for self-interest. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). "It is 'an equitable doctrine invoked by a court at its discretion' to 'protect the integrity

of the judicial process.'" *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). The doctrine "must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Id.* To judicially estop a claim, this Court must find three elements present: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* Nevertheless, "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 751).

### A. <u>Application of the Estoppel Elements</u>

In his bankruptcy petition, Siau did not disclose this claim even though he had already filed suit, effectively representing to the bankruptcy court that no claim existed. *See Superior Crewboats*, 374 F.3d at 335 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). By maintaining this action, he asserts an inconsistent position, thereby satisfying the first prong of the test for judicial estoppel. The second prong is also satisfied because the bankruptcy court accepted Siau's prior position when it issued a "no asset" discharge. *See id.*

As to the third element, a debtor's failure to disclose is inadvertent when the debtor "either lacks knowledge of the undisclosed claims or has no motive for their concealment."

4

*Coastal Plains*, 179 F.3d at 210. Siau argues that non-disclosure in itself does not warrant an inference of deceitful intent and that his efforts to correct his error support an inference of inadvertence. [Record Document 22 at 6–7]. However, this explanation fails to establish inadvertence as defined by the Fifth Circuit. *See Coastal Plains*, 179 F.3d at 210. Here, Siau not only knew of the facts underlying his claim, he had also filed suit. [Record Document 1-2 at 3]. Because his creditors could seek to recover from a disclosed claim, he had a motive to conceal it. *See In re Flugence*, 738 F.3d 126, 131 (5th Cir. 2013). Suspiciously, the amended schedule of assets Siau filed in the bankruptcy court states that the case before this Court is actually pending in the City Court of Shreveport, Louisiana. [Record Document 22-4 at 5]. That court has a jurisdictional upper limit of $35,000. *See* La. Code Civ. Proc. Ann. art. 4843(G) (Supp. 2018). Siau has thus inaccurately reflected his suit's true value, which exceeds $75,000. [Record Document 1 at 2]. Hence, the third element is satisfied, and judicial estoppel is available.

B.     **Estoppel as an Equitable Doctrine**

Even when the necessary elements are present, this Court may decline to invoke judicial estoppel. *See Reed*, 650 F.3d at 576. In determining the bounds of its allowable discretion, the Court finds the case of *Kane v. National Union Fire Insurance Co.*, instructive. 535 F.3d 380 (5th Cir. 2008) (per curiam). The *Kane* plaintiffs failed to disclose a pending suit in their bankruptcy petition and obtained a "no asset" discharge. *Id.* at 383. In response to a motion for summary judgment on grounds of judicial estoppel, the Kanes moved to reopen the bankruptcy proceedings, and the trustee moved to substitute himself as the real party in interest. *Id.* Although the district court granted summary judgment, the Fifth Circuit reversed because the

5

"Kanes stand to benefit only in the event that there is a surplus after all debts and fees have been paid" and because equity favored allowing the trustee to maintain the action to avoid harm to innocent creditors. *Id.* at 387–88.

Analogously here, the trustee has asserted the interests of the estate to protect Siau's creditors. Siau will benefit only if he prevails at trial and only after all of his creditors have been satisfied. Applying the doctrine in this case would also result in a windfall to the alleged tortfeasors, thereby defeating one the twin policy aims of tort law: deterrence of wrongdoing. *See Bozeman v. State*, 2003-1016, p. 12 (La. 7/2/04); 879 So. 2d 692, 700 (citing James P. Moceri & John L. Messina, *The Collateral Source Rule in Personal Injury Litigation*, 7 Gonz. L. Rev. 310, 312 (1972)). Because dismissal is an overly harsh remedy that fails to properly account either for Siau's creditors' interest in collecting his debts or for society's interest in tort prevention, the Court declines to estop this action.

### C. <u>Proper Party in Interest</u>

Defendants argue that Siau's bankruptcy deprives him of standing to maintain this action. [Record Document 20-1 at 3–4]. Upon the filing of a bankruptcy petition, all causes of action vest in the bankruptcy estate. *In re Educators Grp. Health Tr.*, 25 F.3d 1281, 1283 (5th Cir. 1994). As a result, the "trustee, as the representative of the bankruptcy estate, is the real party in interest . . . and is the only party with standing to prosecute causes of action belonging to the estate . . . ." *Kane*, 535 F.3d at 385 (citing 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).

In Siau's case, John W. Luster, the trustee, is the proper party to prosecute this claim. The

trustee noticed Siau's creditors of this potential asset and applied for authority to hire Siau's counsel, an application that has been granted. [Record Documents 22-5, 22-6, and 28]. These actions evince the trustee's intent to pursue the claim on behalf of the estate, and, "[a]bsent unusual circumstances, an innocent bankruptcy trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy." *Reed*, 650 F.3d at 573. Because, "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), the Court will allow until May 21, 2018 for the trustee to be substituted as plaintiff.

IV. <u>Conclusion</u>

Because judicial estoppel would be inequitable, Defendants' motion for summary judgment [Record Document 20] is **DENIED** at this time. The Court will allow until **May 21, 2018** for substitution of the proper plaintiff. If action is not taken on or before that date, the Court will dismiss this action with prejudice.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 7th day of MAY, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

7